IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DELTBER KEYES** § | | **PETITIONER** |
| § | | |
| § | | |
| v. § | Civil No. 1:22-cv-228-HSO-LGI | |
| § | | |
| § | | |
| **BLAND HUFFMAN** § | | **RESPONDENT** |

**MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER DELTBER KEYES'S OBJECTION [17]; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16]; GRANTING DEFENDANT BLAND HUFFMAN'S MOTION [9] TO DISMISS; AND DISMISSING PETITIONER DELTBER KEYES'S PETITION [1] WITH PREJUDICE**

THIS MATTER comes before the Court on the Report and Recommendation [16] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on July 28, 2023, regarding Respondent Bland Huffman's Motion [9] to Dismiss. Based upon a review of the pleadings and relevant legal authority, the Magistrate Judge recommended that Respondent Bland Huffman's Motion [9] to Dismiss be granted and that Petitioner Deltber Keyes's Habeas Petition [1] be dismissed with prejudice, and without an evidentiary hearing. Petitioner Deltber Keyes has filed an Objection [17] to the Report and Recommendation [16], and Respondent Bland Huffman has filed a Response [18] to the Objection [17].[1]

---

[1] This is the final pleading allowed on the Report and Recommendation [16] under Local Uniform Civil Rule 72(a). The Rule allows for an objection to be filed within 14 days of service of the Report and Recommendation [16]. L.U.Civ.R. 72(a)(3). The opposing party must then respond to the objection or notify the district court they are not responding to the objection. *Id.* The Rule does not mention any further pleading, response, or reply for a report and recommendation, *see id.*, nor does

1

After thoroughly reviewing Petitioner's Objection [17], the Magistrate Judge's Report and Recommendation [16], the record, and relevant legal authority, the Court finds that Petitioner's Objection [17] should be overruled, that the Magistrate Judge's Report and Recommendation [16] should be adopted, that the Motion [16] to Dismiss should be granted, and that the Petition [1] should be dismissed with prejudice.

I. BACKGROUND

Petitioner Deltber Keyes ("Petitioner" or "Keyes") was convicted of robbery, kidnapping, and forcible sexual intercourse in the Circuit Court of Harrison County, Mississippi, First Judicial District, on February 23, 2017. R. [10-3] at 8-9. The Circuit Court sentenced Keyes to life in prison on the same day. *Id.* Keyes appealed his convictions and sentences, which were affirmed by the Mississippi Court of Appeals on December 4, 2018. Ex. [9-5] at 3; *see also Keyes v. State*, 362 So. 3d 1084 (Miss. Ct. App. 2018). Rehearing was denied on April 23, 2019. Ex. [9-5] at 4; *see also Keyes*, 362 So. 3d at 1084. The Mississippi Court of Appeals had recalled its mandate on March 12, 2019, but reissued it on May 14, 2019. Exs. [9-8], [9-10]. Keyes then sought certiorari review from the Mississippi Supreme Court, which denied the request as untimely on August 1, 2019. *See Keyes v. State*, 276 So. 3d 660 (Miss. 2019). Keyes filed a response to the denial of certiorari on August 29, 2019, which the Mississippi Supreme Court treated as a motion for reconsideration and denied. Exs. [9-18], [9-19].

---

Federal Rule of Civil Procedure 72(b), *see* Fed. R. Civ. P. 72(b). Therefore, the Court need not await any further filings before reviewing the objection [17].

On November 20, 2019, Keyes filed a pro se motion "to dismiss his indictment," which the Mississippi Supreme Court treated as his first motion for post-conviction relief. Ex. [9-24]. The Mississippi Supreme Court denied the motion on April 7, 2020. *Id.* Over a year later, between June 8, 2021, and February 8, 2022, Keyes filed an untimely second post-conviction relief motion and multiple motions for rehearing, all of which were denied. Exs. [9-25], [9-26], [9-27], [9-28], [9-29], [9-30]. Keyes then sought certiorari review of the Mississippi Supreme Court's decision to deny his second motion for post-conviction relief in the United States Supreme Court on February 24, 2022, which the Supreme Court denied on April 18, 2022. Ex. [9-31]. The Supreme Court denied rehearing on August 1, 2022. *Id.*

Keyes filed the present federal Habeas Petition [1] in this Court on August 30, 2022, *see* Pet. [1], advancing twenty grounds for habeas relief and further asserting that his Petition [1] was timely, *id.* at 5-10, 12-14, 16-17. After the Magistrate Judge entered an Order [7] to answer, Respondent Bland Huffman ("Respondent" or "Huffman") filed a Motion [9] to Dismiss the Petition [1] as untimely. *See* Mot. [9].

After reviewing the record and relevant law, the Magistrate Judge entered a Report and Recommendation [16] on July 28, 2023. *See* R. & R. [16]. The Magistrate Judge found that Keyes's conviction became final on May 7, 2019, creating an initial May 7, 2020, deadline to move for federal habeas relief. *Id.* at 8-9. The Magistrate Judge credited Keyes with 139 days of statutory tolling, the time it took his first state post-conviction motion to be denied. *Id.* This extended his deadline to file his

3

federal Habeas Petition [1] from May 7, 2020, to September 23, 2020. *Id.* As Keyes did not file his federal Habeas Petition [1] until August 25, 2022, the Magistrate Judge found that Keyes's Petition [1] was untimely and that he had not established any gateway claim sufficient to overcome the statute of limitations. *Id.* at 16. The Magistrate Judge recommended that this case be dismissed with prejudice and without an evidentiary hearing. *Id.* Keyes filed an Objection [17] to the Report and Recommendation [16] on August 16, 2023, *see* Obj. [17], and Respondent filed a Response [18] on August 28, 2023, *see* Resp. [18].

## II. DISCUSSION

A. Standard of review

Where a petitioner has submitted a timely written objection to a magistrate judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Walker v. Savers*, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary

4

to law standard of review." *Wilson*, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." *Gooding v. Colvin*, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." *Id.* (citing *Koetting*, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005)); *see also Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Jackson v. Berryhill*, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018*); Robertson v. Berryhill*, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

B.   Petitioner failed to timely file his Objection [17]

Even with the benefit of the "prison mailbox rule,"[2] Petitioner failed to submit a timely written Objection [17] to the Report and Recommendation [16]. The Magistrate Judge signed and entered the Report and Recommendation [16] on July 28, 2023. R. & R. [16] at 17. Under Local Uniform Civil Rule 72(a)(3), Petitioner had fourteen days from that date, or until August 11, 2023, to file written objections. 28 U.S.C. §636; *see also* Fed. R. Civ. P. 72(b). Under Federal Rule of Civil Procedure

---

[2] The Court received the Objection [17] on August 21, 2023. However, under the "prison mailbox rule," "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir.1993). Thus, based on the signature on the Objection [17] and the date stamped on the back of the envelope containing the Objection [17], the evidence shows that the earliest this Objection [17] was filed was on August 16, 2023. Obj. [17] at 3; Ex. [17-14].

6(d), courts are to give a party an additional three days when service is made by mail, as is the case here. Fed. R. Civ. P. 6(d). This extended Keyes's deadline for filing until August 14, 2023. However, Petitioner did not sign his Objection [17] until August 16, 2023, two days after the deadline expired. Obj. [17] at 3. The stamp on the Objection [17] accepting it as "Approved Legal Mail" by the Office of Legal Services at South Mississippi Correctional Institution is likewise dated August 16, 2023. Ex. [17-14]. Therefore, the earliest that Keyes could have "forwarded [the Objection [17]] to prison officials for delivery to the district court[,]" *Thompson*, 993 F.2d at 515, is August 16, 2023, two days after the August 14 deadline.

Because Keyes's Objection [17] was untimely, this Court need not engage in a de novo review of the Report and Recommendation [16] and may apply the "clearly erroneous, abuse of discretion and contrary to law standard of review." *Wilson*, 864 F.2d at 1221 (quotation omitted). Having conducted this review, the Court concludes that the Report and Recommendation [16] is neither clearly erroneous nor contrary to law. The Court will therefore adopt the Magistrate Judge's Report and Recommendation [16] as the opinion of this Court and dismiss this case with prejudice.

C.     Even if the Objection [17] were timely, it would be overruled

Although the Court need not conduct a de novo review, even under a de novo review the Objection [17] should be overruled. Keyes's Objection [17] relates to the Report and Recommendation [16] finding that his claim of actual innocence is insufficient to trigger equitable tolling of the statute of limitations. *See* Obj. [17].

6

Keyes raises two arguments in his Objection [17]. First, he asserts that either there was no seminal fluid found on a handkerchief or, if there was, that it was not his seminal fluid. *Id.* at 1-3.  Second, Keyes contends that he raised multiple instances of ineffective assistance of counsel which the Magistrate Judge did not address. Obj. [17] at 2.

     A claim of actual innocence is sufficient to toll the statute of limitations for habeas claims. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). To make a credible gateway claim based on actual innocence, however, a petitioner must: (1) present "new reliable evidence[,] whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[;]" (2) "that was not presented at trial[;]" and (3) show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006).

     Keyes's first argument in his Objection [17] focuses on footnote five of the Report and Recommendation [16], which relates to the expert testimony at trial regarding DNA evidence. Obj. [17] at 1-2; *see also* R. & R. [16] at n.5. Keys argues at length that either there was no seminal fluid found on the handkerchief or, if there was, that it was not his; however, neither the Magistrate Judge nor the expert who testified at trial ever explicitly said the DNA belonged to Keyes. *See* R. & R. [16] at n.5; R. [10-5] at 57-83 (under seal).  The footnote in the Report and Recommendation [16] reads specifically that Keyes had submitted "portions of the DNA's [sic] expert testimony about the lack of seminal fluid found on the jacket and

7

handkerchiefs." R. & R. [17] at n. 5. The Magistrate Judge did not state that there was seminal fluid on the handkerchief:

> Though no seminal fluid was found, the expert testified that DNA testing of the Y chromosome present on the handkerchiefs and jacket, revealed that 99.93% of the world's male population could be excluded as a contributor to the DNA, but Keyes could not be excluded.

*Id.* This quote is consistent with the expert's testimony at trial, which highlighted that, in addition to Petitioner, all of Keyes's "patrilineal male relatives could not be excluded as a potential profile for the DNA on the handkerchiefs." R. [10-5] at 73 (under seal). The expert was subject to extensive cross-examination at trial regarding one of the DNA markers not matching Keyes and the existence of other potential DNA matches. *Id.* at 75-80 (under seal); *see also* Ex. [17-2]. Thus, Keyes's statement that his seminal fluid was not on the handkerchief is not new evidence that was not presented or available to him at trial. Keyes's Objection [17] on this point is insufficient to sustain the high bar for a claim of actual innocence, and thus extend the statute of limitations.

Keyes's second argument is that he presented numerous allegations of ineffective assistance of counsel which the Magistrate Judge did not address. Obj. [17] at 2. However, even if Keyes could state a claim for ineffective assistance of counsel, this is insufficient to trigger equitable tolling, as the Supreme Court has only allowed equitable tolling for credible claims of actual innocence or when a petitioner has pursued their rights diligently but there were extraordinary circumstances causing delay. *McQuiggin*, 569 U.S. at 392; *Holland v. Fla.*, 560 U.S. 631, 649 (2010); *see also Jones v. Hendrix*, 143 S. Ct. 1857, 1876 (2023). Ineffective

assistance of counsel at trial does not constitute an extraordinary circumstance sufficient to trigger equitable tolling, as there are many cases finding that petitioners could not show extraordinary circumstances when their habeas petitions raised claims of ineffective assistance of counsel at trial. *See Jones v. Lumpkin*, 22 F.4th 486 (5th Cir. 2022); *Manning v. Epps*, 688 F.3d 177 (5th Cir. 2012); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000); *United States v. Petty*, 530 F.3d 361 (5th Cir. 2008); *Colvin v. Warden*, No. CIV.A. 14-1017-P, 2015 WL 569416 (W.D. La. Feb. 10, 2015); *Yow v. Thaler*, No. 3:10-CV-0005-K, 2012 WL 2795850 (N.D. Tex. June 20, 2012), report and recommendation adopted, No. 3:10-CV-0005-K, 2012 WL 2829456 (N.D. Tex. July 9, 2012); *Isabell v. Dir.*, TDCJ-CID, No. 6:14CV164, 2016 WL 1637646 (E.D. Tex. Mar. 9, 2016), report and recommendation adopted, No. 6:14CV164, 2016 WL 1615762 (E.D. Tex. Apr. 22, 2016).

Likewise, a claim of ineffective assistance of counsel is not a claim of actual innocence. In holding that a claim of actual innocence could allow a petitioner to bring a time-barred ineffective assistance of counsel claim, the Supreme Court made no mention that an ineffective assistance of counsel claim itself could do the same. *See McQuiggin*, 569 U.S. 383. Instead, the Supreme Court held that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. In other words, "proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." *Id.* at 393. Thus,

ineffective assistance of counsel is not itself the claim triggering equitable tolling. *See id.* at 392. Furthermore, a claim of actual innocence is not a constitutional claim but merely the mechanism allowing an otherwise procedurally barred constitutional claim to be brought. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Supreme Court precedent reflects a clear intent to differentiate the two types of claims, meaning a claim of ineffective assistance of counsel is not a claim of actual innocence triggering equitable tolling.

In addition, even if a colorable ineffective assistance of counsel claim could trigger equitable tolling, Keyes did not raise this argument before the Magistrate Judge in responding to the Motion [9] to Dismiss, as he only highlighted his lack of counsel in this case.[3] *See* Resp. [11]; Reply [15]. New issues may not "be raised for the first time in objections to a Report and Recommendation." *Andrews v. United States*, 4:10-CR-152(05), 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

If Keyes is asserting that ineffective assistance or lack of counsel in conducting this proceeding constitutes a ground for equitable tolling, courts have explicitly held that such is not a reason to toll the statute of limitations. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during

---

[3] The only potential argument the Court can find in Keyes's Response [11] to Defendant's Motion [9] to Dismiss and in his Sur-Reply [15] to Defendant's Reply [12] to Keyes's Response [11] is Exhibit [11-1]. Exhibit [11-1] is a one-page transcript excerpt with lines nine through fourteen highlighted and the words "ineffective assistance of counsel. Sixth Amendment" written to the side. Ex. [11-1]. The Court has reviewed this Exhibit, and even if it construed it as an argument made in response to the Motion [9] to Dismiss, it is insufficient to support a credible claim of ineffective assistance of counsel.

post-conviction proceedings.") (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir.2002)).

Petitioner's remaining objections are either conclusory, general, or frivolous, or repetitions of arguments already advanced before the Magistrate Judge, and are thus insufficient to carry his burden. Therefore, even if Petitioner had timely filed his Objection [17] to the Report and Recommendation [16], it should be overruled and the Petition [1] should be dismissed with prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Deltber Keyes's Objection [17] to the Report and Recommendation [16] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this case on July 28, 2023, is **OVERRULED**, and the Report and Recommendation [16] is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [9] to Dismiss the Habeas Petition [1] filed by Respondent Bland Huffman is **GRANTED**, and Petitioner Deltber Keyes's Habeas Petition [1] is **DISMISSED WITH PREJUDICE** as untimely. This Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of August, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE